ALFRED H. GEORGE v. DERBY LUMBER CO.

PARTNERSHIP. *Firm creditors. Debts of partner. Mortgage. Foreclosure. Injunction.* ·

The creditor of a copartnership may enjoin the foreclosure of a deed
of trust given by the partnership upon partnership property to
secure a debt due in part by one of the partners only, until the
true amount of the secured debt owing by the partnership can be
ascertained; and the deed, as to firm creditors, will be effective
only for such amount.

FROM the chancery court of Pearl River county.

HON. STONE DEAVOURS, Chancellor.

George, appellant, who did business under the name "A.
H. George & Co.," was complainant in the court below; the
Derby Lumber Co., appellee, wes defendant there.

In June, 1901, M. J. Brown and C. H. Hyde formed a
partnership under the firm name of the Derby Lumber Com-
pany.    At the time this partnership was formed, M. J. Brown
owed W. M. Hyde & Co. nearly $700.    The Derby Lumber
Company, in order to secure Hyde & Co. this sum, and to se-
cure some advances, gave a deed of trust to Hyde & Co., on
the entire plant and property of the Derby Lumber Company.
Considerable supplies were furnished the Derby Lumber Com-
pany by Hyde & Co., and another deed of trust was executed
by them, and the trustee advertised the property for sale under
this deed of trust, default having been made in the payment of
the debt.  A. H. George & Co. filed the bill in this case against
the Derby Lumber Company and Hyde & Co., asking for the
appointment of a receiver to take charge of the effects of the
Derby Lumber Company, and for an injunction restraining
them from selling the property under the deed of trust, alleg-
ing that the Derby Lumber Company was indebted to com-

plainant in the sum of $944.09. The bill was filed January 27, 1902, returnable to February rules, the writ of injunction was served, and the defendants answered February 11, 1902, and a motion to dissolve the injunction was made, which was heard on bill and answer, and proof adduced on the hearing. This motion was heard on March 31, 1902. On the hearing of this motion, M. J. Brown testified that the account of Hyde & Co. was just and owing, but that numerous items in said account were for his individual use and he was individually alone responsible for them. Complainant asked leave, among other things, to amend the original bill so as to state this more fully and to pray for an accounting of the individual indebtedness of M. J. Brown to Hyde & Co., which was refused by the court, and complainant also asked the court to retain the injunction until the coming in of all the proof and the expiration of the four months allowed for the taking of proof, and this, too, was denied. From a decree dissolving the injunction and allowing damages, complainants appealed to the supreme court.

*Neville & Welbourn*, for appellant.

That the court erred in dismissing the bill, see § 570 code of 1892; *Drane* v. *Winter*, 41 Miss., 517; *Guion* v. *Pickett*, 42 Miss., 77; *Maury* v. *Smith*, 46 Miss., 81; *Strong* v. *Harrison*, 62 Miss., 61; 10 Ency. Pl. & Prac., 1089, par. *d*, and cases cited.

That the court erred in refusing to allow the amendments asked, see *Hardie* v. *Bulger*, 66 Miss., 577.

That the firm assets could not be appropriated to the payment of the individual indebtedness to M. J. Brown, where both the partnership and the individual members thereof are insolvent, see the very able discussion in the opinion of the court in *Bank* v. *Durfey*, 72 Miss., 971, and in the opinion of Chancellor Longstreet in *Bank* v. *Fargason*, 79 Miss., 64, and the authorities in brief of counsel for appellee in the latter case.

*Ellis & Sullivan* and *J. R. Tally*, for appellee.

TERRAL, J., delivered the opinion of the court.

We think the decision of the chancery court should be re-versed and the injunction restored.   Before a sale is made under the deed of trust of the Derby Lumber Company to secure W. M. Hyde & Co. his debt against that firm, it should be purged of all items of the individual indebtedness of M. J. Brown to him contained therein.   We take it that W. M. Hyde & Co. has no right, as against other firm creditors of the Derby Lumber Company, to charge the Derby Lumber Company with items of individual indebtedness of M. J. Brown, one of the members of the Derby Lumber Company ; for, be-fore W. M. Hyde & Co. is paid, out of the assets of the Derby Lumber Company, the separate and individual debts of one of the members of said firm, the firm creditors of the Derby Lumber Company should first be paid.   And A. H. George & Co. is here seeking to have its claim against the Derby Lumber Company to be preferred, as to the assets of said firm over the claim of W. M. Hyde & Co., against Brown, one of the firm merely, and that, it seems to us, is a proper subject of equity interference.   Otherwise partnership assets could be applied in payment of the individual debts of the separate members of the firm to the total exclusion of the partnership debts, and that equity regards with disfavor.   In other words, A. H. George & Co., a creditor of the firm of the Derby Lumber Company, here claims a right to be paid out of the assets of the Derby Lumber Company its firm debt before W. M. Hyde & Co. is permitted to be paid, out of said assets, the debt of M. J. Brown only.   The contention is equitable, and cannot be worked out except by purging W. M. Hyde & Co.'s ac-count against the Derby Lumber Company of the individual indebtedness of M. J. Brown to him.   Code of 1892, § 570, and the cases decided by this court thereunder.   We think complainant should have been allowed to amend his bill as de-

sired, and to have the decision of the matter postponed to the final hearing.

*The judgment dismissing complainant's bill is reversed, the injunction is reinstated, and the case is remanded.*